UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

IN RE:                                                         14-MD-2543
                                                               14-MC-2543
GENERAL MOTORS LLC IGNITION SWITCH LITIGATION
                                                         MEMORANDUM OPINION
*This Document Relates to All Cases*                        AND ORDER

------------------------------------------------------------------------x

**[Relating to Goodwin Procter LLP's Motion for Attorney's Fees
and Objection to the Class Action Settlement]**

JESSE M. FURMAN, United States District Judge:

On April 27, 2020, in this long-running multidistrict litigation arising out of defects in, and the recall of, millions of General Motors vehicles, the Court preliminarily approved a class action settlement involving Plaintiffs pursuing economic loss claims, General Motors LLC ("New GM"), and the Motors Liquidation Company GUC Trust (the "GUC Trust"). *See* ECF No. 7877.[1] The Settlement Agreement was subsequently revised to include Motors Liquidation Company Avoidance Action Trust, *see* ECF No. 7888-1 ("Settlement Agreement"), and preliminarily approved as amended on May 4, 2020, ECF No. 7892. On September 28, 2020, Goodwin Procter LLP ("Goodwin") — a law firm hired to represent Lead Counsel in connection with related bankruptcy proceedings — moved for attorney's fees in connection with the Settlement Agreement. *See* ECF No. 8156. Thereafter, Goodwin filed a "limited objection" to the Settlement Agreement, raising substantially the same issues argued in its fees motion. *See* ECF No. 8271 ("Goodwin Settlement Opp'n"). Goodwin's core contention is that, as a non-party to the Settlement Agreement, it cannot be limited to "seeking to assert [an attorney's fees]

---

[1]   Unless otherwise noted, all docket references are to 14-MD-2543.

claim to the $34.5 Million fund set aside for attorneys' fees and expenses" under the Settlement Agreement or "bar[red]" from seeking fees "from the $121 Million Common Fund." *Id.* at 8. On December 18, 2020, the Court conducted a fairness hearing by telephone on the record, at which it denied Goodwin's fees motion and overruled its objection to the Settlement Agreement, with an opinion to follow. This is that opinion.

Goodwin's motion and objection are meritless for several reasons. First and foremost, as a non-Class member, Goodwin lacks standing to object to the Settlement Agreement. It is well established that a non-party to a class action settlement generally lacks standing to object to the settlement. *See Bhatia v. Piedrahita*, 756 F.3d 211, 218 (2d Cir. 2014). In *Bhatia* — which involved a challenge to a class action settlement by a party to the litigation that was not a party to the settlement itself — the Court of Appeals did recognize an "exception to this general rule," but it held that the exception applies only if the non-party "can demonstrate that it will sustain some formal legal prejudice as a result of the settlement." *Id.* Such formal legal prejudice "exists only in those rare circumstances when, for example, the settlement agreement *formally* strips a non-settling party of a legal claim or cause of action, such as a cross-claim for contribution or indemnification, invalidates a non-settling party's contract rights, or the right to present relevant evidence at a trial." *Id.*

Whether *Bhatia* even applies here is far from clear, as Goodwin is neither a party to the litigation nor counsel of a party to the litigation. Instead, it is merely *counsel of counsel* of parties to the litigation. But assuming without deciding that *Bhatia* does apply, Goodwin does not come close to meeting the "formal legal prejudice" standard. The only prejudice Goodwin identifies is the possibility that the terms of the Settlement Agreement may limit the amount of attorney's fees that it ultimately receives. *See* Goodwin Settlement Opp'n 4-5. But "[n]othing in

2

the [Settlement Agreement] precludes [Goodwin] from asserting . . . any claims or defenses that may be available to [it] . . . [or] requires that [it] forbear from asserting . . . in any future proceedings in other courts, that participation in the settlement . . . bars subsequent or parallel proceedings." *Bhatia*, 756 F.3d at 218.  That is, to the extent that Goodwin has a valid claim pursuant to the terms of its private engagement letter with Lead Counsel (a question on which the Court need not and does not opine here), nothing in the Settlement Agreement precludes Goodwin from pursuing, or otherwise affects, such claims.  Nor does the Settlement Agreement disadvantage Goodwin relative to any other counsel who may be eligible for a share of the fees at issue.  And, of course, there would be no such fees at all absent the Settlement Agreement.  In short, the fact that Goodwin may have a claim to a share of any pot of attorney's fees produced by the settlement does not provide it standing to object to the size of that pot.

In any event, even if Goodwin has standing to lodge its objection, its arguments fail substantially for the reasons articulated by Lead Counsel and New GM in their briefs opposing Goodwin's fees motion and their reply briefs in support of the joint motion for final approval of the Settlement Agreement.  *See* ECF Nos. 8202, 8284, 8285.  For starters, the purpose of the settlement approval process is for the Court to ensure, "as a fiduciary who must serve as a guardian of the rights of absent class members," that the "settlement is fair *to the class*."  *In re Warner Commc'ns Sec. Litig.*, 618 F. Supp. 735, 753 (S.D.N.Y. 1985) (emphasis added) (internal quotation marks omitted), *aff'd*, 798 F.2d 35 (2d Cir. 1986); Fed. R. Civ. P. 23(e)(2) (requiring that a class action settlement be "fair, reasonable, and adequate").  In performing this fiduciary role, the Court is not free to modify or revise the proposed settlement; it may only "approve or disapprove" of it.  *In re Warner Commc'ns*, 798 F.2d at 37.  Goodwin provides no basis to reject the Settlement Agreement as unfair, unreasonable, or inadequate *to the class*.  In

fact, the firm explicitly concedes that it does not "challeng[e] the reasonableness of the Settlement as it relates to the dollar amount of payments being made in exchange for the releases under the Settlement Agreement"; instead, its "objection goes only to the source for payment of its common benefit fee claims." Goodwin Settlement Opp'n 11. But Goodwin's requested relief, if granted, would actually *harm* the class by reducing the funds made available to class members. Doing so, therefore, would be contrary to the Court's role as guardian of the rights of absent class members in the Rule 23(e) class settlement context.

Goodwin's arguments rooted in MDL Order No. 42 fare no better. Goodwin points to Paragraph 33 of Order No. 42, which provides that "plaintiffs' counsel in any Common Benefit Action who have performed work that benefitted the plaintiff class may submit such time and expenses, kept in accordance with Orders No. 8 and 13, and seek an award of attorneys' fees and expenses." Goodwin Settlement Opp'n 8 (quoting ECF No. 743 ("Order No. 42"), ¶ 33). But the immediately preceding paragraph of the very same Order provides that "[a]ny case in the MDL 2543 Proceeding that is resolved by settlement or trial as a class action or part of a class action pursuant to Federal Rule of Civil Procedure 23 will *not* be subject to any assessment pursuant to this Order; rather, in the event of a class action judgment or settlement, a separate procedure under Federal Rule of Civil Procedure 23(h) will be conducted and an order addressing class counsel fees and costs under applicable procedures and jurisprudence will be entered." Order No. 42, ¶ 32 (emphasis added). The procedure for allocating attorney's fees outlined in the Settlement Agreement, *see* Settlement Agreement 70-74, *is* the "separate procedure under Federal Rule of Civil Procedure 23(h)" contemplated by Order No. 42.[2]

---

[2] It should be noted that Rule 23(h) itself provides no support for Goodwin's request, as the Rule only permits the Court to "award reasonable attorney's fees and nontaxable costs that are

4

Moreover, Goodwin's request would run afoul of the provision in Order No. 42 — quoted by Goodwin itself — providing that, "[i]n evaluating and allocating any Court-awarded class action attorneys' fees and costs among applicant counsel, Co-Lead Counsel shall apply the same class benefit criteria to all applicant counsel's work."  Goodwin Settlement Opp'n 8 (emphasis omitted) (quoting Order No. 42, ¶ 33).  That is, in requesting that it alone among plaintiffs' counsel should be permitted to seek fees from outside the $34.5 million set aside for attorney's fees and expenses pursuant to the Settlement Agreement, Goodwin is necessarily requesting that Lead Counsel apply different "criteria" to its work.

In sum, any claim to attorney's fees that Goodwin may have pursuant to the terms of its private engagement letter with Lead Counsel has no bearing on whether the Court should approve the Settlement Agreement.  Nothing in the Settlement Agreement precludes Goodwin from pursuing such claims as part of the post-settlement allocation process — or in a later and separate action for breach of the private engagement letter.  And nothing in Order No. 42 (or Rule 23(h) of the Federal Rules of Civil Procedure) exempts Goodwin from the procedure that now applies to all counsel seeking a share of the fee award.  Most importantly, Goodwin's concerns regarding the ultimate share of attorney's fees to which it may be entitled provide no basis for the Court to reject the Settlement Agreement as unfair, unreasonable, or inadequate for the class.  To the contrary, Goodwin's requested relief would harm the very class members this Court is charged with protecting in its review of the Settlement Agreement.  For these reasons, Goodwin's objection was overruled and its motion was denied.

---

authorized by law or *by the parties' agreement*."  Fed. R. Civ. P. 23(h) (emphasis added). Notably, Goodwin does not actually rely on Rule 23(h) as the basis for its requested relief, arguing only (albeit wrongly) that "nothing in Federal Rule of Civil Procedure 23(h) limits Goodwin in the manner sought here."  Goodwin Settlement Opp'n 5.

The Clerk of Court is directed to terminate 14-MD-2543, ECF No. 8156 and 14-MC-2543, ECF No. 405.

SO ORDERED.

Dated: December 18, 2020
      New York, New York

JESSE M. FURMAN
United States District Judge